UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SOO LINE RAILROAD COMPANY, | ) | |
| d/b/a CANADIAN PACIFIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-106 |
| | ) | |
| CONSOLIDATED RAIL CORPORATION, | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Supplemental Brief on O&M Expenses [DE 107]

filed by the defendant, Norfolk Southern Railway Company, on April 12, 2018, the

Supplemental Memorandum in Opposition to the Motion to Dismiss and/or Strike CP's Request

for O&M Expenses [DE 108] filed by the plaintiff, Soo Line Railroad Company d/b/a Canadian

Pacific, on April 12, 2018, and the Supplemental Brief on O&M Expenses [DE 109] filed by the

defendant, Consolidated Rail Corporation, on April 12, 2018.  For the following reasons, CP's

request for O&M expenses is **DISMISSED** and the Motion to Dismiss for Failure to State a

Claim and to Dismiss or Strike the Amended Complaint's Requests for Relief [DE 77] is

**GRANTED.**

*Background*

On August 3, 2017, the defendants Consolidated Rail Corporation (Conrail), Norfolk

Southern Railway Company (NSR), and CSX Transportation, Inc. (CSXT) filed a Motion to

Dismiss for Failure to State a Claim and to Dismiss or Strike the Amended Complaint's Requests

for Relief [DE 77].  On March 29, 2018, the court granted in part and denied in part that motion,

finding that the state tort law claims brought by the plaintiff, Soo Line Railroad Company, d/b/a Canadian Pacific (CP), were preempted by the ICC Termination Act. The court dismissed Count I of the Amended Complaint. Additionally, the court found that without a viable underlying tort, Count II, III, and IV were not recoverable.

However, as part of its breach of fiduciary duty claims, CP also requested that the court award IHB operating and maintenance expenses (O&M expenses). CP maintains Conrail was obligated to pay O&M expenses pursuant to the 1906 Agreement. CP has alleged that in 1999 Conrail stopped paying O&M expenses to IHB. [Amended Compl. ¶ 54]. Moreover, CP asserts that upon information and belief, Conrail and IHB entered into a quid pro quo agreement in 1999 without the consent of the IHB Board to allow Conrail to avoid its obligation under the 1906 Agreement to pay certain O&M expenses, which totaled approximately $2.3 million in 1998, and for IHB to stop paying rent to Conrail. [Amended Compl. ¶ 55].

The court requested supplemental briefing from CP and Conrail on this issue, noting that due to space constraints imposed by N.D. Ind. L.R. 7-1(e), the parties had spent only 1-2 pages at the conclusion of their briefs addressing it. On April 12, 2018, the parties filed their supplemental briefs. NSR has indicated that it has paid O&M expenses to IHB that were due and payable since 1998 and that CP has not asserted a claim to the contrary. The Amended Complaint only seeks relief for O&M expenses from Conrail.

*Discussion*

**Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief.

*See **Cincinnati Life Ins. Co. v. Beyrer***, 722 F.3d 939, 946 (7th Cir. 2013).  The Supreme Court

clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009.

While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands

something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation."

***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  In order

to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  ***Iqbal***, 556 U.S. at 678 (quoting

***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007));

***Cincinnati Life Ins.***, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to

give defendants fair notice of the claims against them and the grounds supporting the claims.")

(quoting ***Stanard v. Nygren***, 658 F.3d 792, 797 (7th Cir. 2011)); ***Peele v. Clifford Burch***, 722

F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate

language did not satisfy the requirements of Rule 8); ***Joren v. Napolitano***, 633 F.3d. 1144, 1146

(7th Cir. 2011).  This pleading standard applies to all civil matters.  ***Iqbal***, 556 U.S. at 684.

The decision in ***Iqbal*** discussed two principles that underscored the Rule 8(a)(2) pleading

standard announced by ***Twombly***.  *See **Twombly***, 550 U.S. at 555 (discussing Rule 8(a)(2)'s

requirement that factual allegations in a complaint must "raise a right to relief above the

speculative level").  First, a court must accept as true only *factual* allegations pled in a

complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal

conclusions" are insufficient.  ***Iqbal***, 556 U.S. at 678.  Next, only complaints that state

"plausible" claims for relief will survive a motion to dismiss.  ***Iqbal***, 556 U.S. at 678.  If the

pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then

the complaint has not met the pleading standard outlined in Rule 8(a)(2).  ***Iqbal***, 556 U.S. at

678–79.  *See **Brown v. JP Morgan Chase Bank***, 2009 WL 1761101, at \*1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability).

First, the court agrees with CP that its claim for O&M expenses is not subject to the ICC Termination Act (ICCTA) because it neither seeks nor has the effect of managing rail transportation.  Courts have held that a rail carrier asserting a state contract claim cannot use the preemptive effect of the ICCTA to shield it from its own commitments.  ***Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co.,*** 297 F. Supp. 2d 326, 333 (D. Me. 2003).  The ICCTA preempts state or local regulations, not contracts or other agreements, that have a significant impact on railroad transportation.  ***Union Pacific R. Co. v. Chicago Transit Authority,*** 647 F.3d 675, 683 (7th Cir. 2011).  Thus, Conrail has acknowledged that ICCTA does not preempt CP's claim that it breached the 1906 Agreement by failing to pay O&M expenses.

In their supplemental briefs, both parties have indicated that pursuant to the 1906 Agreement, Conrail was obligated to pay O&M expenses to IHB only if Conrail continued to operate on or permitted other carriers to operate on the Rail Properties.  The court has considered the 1906 Agreement because it forms the basis of CP's request for O&M expenses and therefore is considered part of the pleadings.  *See **188 LLC v. Trinity Industries, Inc.,*** 300 F.3d 730, 735 (7th Cir. 2002) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.  Such documents may be considered by a district court in ruling on the motion to dismiss.").

Conrail has argued that CP has failed to state a valid claim with respect to its request for O&M expenses because the Amended Complaint alleges neither that Conrail operated on the Rail Properties nor that Conrail allowed others to do so.  Moreover, Conrail contends that CP has

4

not alleged a breach of contract, rather the allegations relating to O&M expenses are within its

primary and secondary breach of fiduciary claims that focused on the trackage rights rents.

However, CP asserts that the Amended Complaint has stated a claim for O&M expenses

for which relief can be granted. CP contends that the Amended Complaint contains the

following allegations: the 1906 Agreement required Conrail to pay O&M expenses to IHB;

Conrail has not done so since 1999; and the 1906 Agreement tied Conrail's obligation to pay

O&M expenses to IHB's obligation to pay rent to Conrail. [Amended Compl. ℙ 51, 54, 55]. CP

also indicated that as a matter of public record, Conrail allowed other companies to operate on

the Rail Properties and suggested that the court should take this into account when determining

whether CP has stated a valid claim with respect to O&M expenses.

CP also points out that the Amended Complaint alleges a pattern of misconduct by

Conrail and other defendants, such as "demanding that IHB pay excessive amounts of back rent

that they claim IHB owes for operating over their property since 1999, even though they are

aware that they have no basis in law or fact to demand payment of these amounts." [Amended

Compl. ℙ 157]. CP contends that this conduct constitutes a breach of fiduciary duty and that

"IHB was entitled to use the O&M Expenses as an offset to the back rent that Defendants

extracted."

CP has neither pled that Conrail nor Conrail's admittees operated on the Rail Properties

during the relevant period. Thus, on the interpretation of the Agreement to which both parties

have agreed in their supplemental briefs, CP has failed to plead an essential element for its

recovery of O&M expenses. *See McCalment v. Eli Lilly & Co.*, 860 N.E.2d. 884, 894 (Ind. Ct.

App. 2007) (holding breach is an essential element of a breach-of-contract action). A complaint

is insufficient if it does not contain "allegations concerning all of the material elements necessary

for recovery under the relevant legal theory." ***Bell v. Trustees of Purdue Univ.***, 658 F. Supp. 184, 185 (N.D. Ind. 1987) (quoting ***Carl Sandberg Village Condominium Ass'n v. First Condominium Development Co.***, 758 F.2d 203, 207 (7th Cir. 1985)). Thus, the court finds that the complaint is insufficient under the Rule 8(a)(2) standard. A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6). ***Cushing v. City of Chicago,*** 3 F.3d 1156, 1167 (7th Cir. 1993); ***Sutliff, Inc. v. Donovan Companies, Inc.,*** 727 F.2d 648, 654 (7th Cir. 1984) ("[Plaintiffs] may not avoid dismissal, however, simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims.").

CP has requested that the court look beyond the four corners of its Amended Complaint. It has indicated that it is a matter of public record that Conrail allowed other companies to operate on the Rail Properties. In the Verified Notice, Conrail admits that CSXT and NSR have "full, joint, and equal use of the Rail properties, including trackage rights over those properties." *See, e.g.* Verified Notice of Exemption, ***Ind. Harbor Belt R.R. Co. – Trackage Rights – Consolidated Rail Corp. et al.***, FD 36099 (Feb. 13, 2017). CP contends that the court should take this into account in determining that it adequately has pled its request for O&M expenses. In support, CP cites case law where the Seventh Circuit has looked to previous court filings in the public record in determining whether to grant a Rule 12(b)(6) motion to dismiss. *See* ***Parungao v. Community Health Sys., Inc.***, 858 F.3d 452, 458 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned."). There, the Seventh Circuit found the complaint insufficient to state a valid claim after taking judicial notice of previous court filings in the public

record that indicated that the case already had been adjudicated and thus was barred by res judicata.

Here, in contrast, CP asks the court to look outside the four corners of the Amended Complaint to determine that a claim has been sufficiently pled. However, a court should not look "beyond the four corners of the complaint itself to determine whether [the plaintiff] can state a claim" for contractually-obligated payments, even when a plaintiff urges the court "to look to . . . public record documents." *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 874-75 (7th Cir. 1995) (affirming dismissal of a breach-of-contract claim because plaintiff failed to plead one of the conditions required for defendant to be obligated under the terms of the contract). When a party "states in [its] brief" an essential element of the cause of action that is absent from the complaint, this "does not cure the fatal defect in the pleadings since the sufficiency of a complaint must be judged solely by the facts alleged therein." *Koch v. Schneider*, 550 F. Supp. 846, 854 (N.D. Ill. 1982); *see also Calhoun v. Am. Interstate Freight Lines Inc.*, 1987 WL 15755, at *2 (N.D. Ill. Aug. 10, 1987) ("[T]he sufficiency of a complaint must be judged solely by the facts therein; statements found elsewhere, such as in a brief, cannot cure defects.").

The Amended Complaint was devoid of any factual allegations that since 1999 Conrail operated on or allowed others to operate on the Rail Properties. Therefore, CP has failed to show that it is entitled to relief on this issue. As a result, the court also finds that CP's request for attorneys' fees is not recoverable.

Based on the foregoing reasons, CP's request for O&M expenses is **DISMISSED** and the Motion to Dismiss for Failure to State a Claim and to Dismiss or Strike the Amended Complaint's Requests for Relief [DE 77] is **GRANTED**.

ENTERED this 24th day of October, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge