UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SOO LINE RAILROAD COMPANY, d/b/a CANADIAN PACIFIC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:17-cv-106<br>) |
| CONSOLIDATED RAIL CORPORATION, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss the First Amended Complaint [DE 122] filed by the defendant, Indiana Harbor Belt Railroad, on February 19, 2019, and the Joint Motion to Dismiss Amended Complaint [DE 124] filed by the defendants, Norfolk Southern Corporation, CSX Corporation, Terry Evans, John Hart, Mike Pendergrass, and Tom Werner, on February 20, 2019. For the following reasons, the Motion to Dismiss the First Amended Complaint [DE 122] is **GRANTED**, and the Joint Motion to Dismiss Amended Complaint [DE 124] is **GRANTED.**

*Background*

The plaintiff, Soo Line Railroad Company d/b/a Canadian Pacific (CP), initiated this matter against the defendants, Consolidated Rail Corporation (Conrail), Norfolk Southern Railway Company (NSR), and CSX Transportation, Inc. (CSXT) (landlord defendants), on March 6, 2017. The Complaint also named Indiana Harbor Belt Railroad Company (IHB) as a defendant. IHB was jointly owned by CP and Conrail, and operated on property owned by Conrail, CSXT, and NSR. CP has indicated that it does not seek relief directly against IHB, a

nominal defendant, rather it has named IHB in this action because it may be considered an indispensable party.

On June 2, 2017, the landlord defendants moved to dismiss the Complaint as preempted by federal law. CP filed an Amended Complaint on June 13, 2017, rendering moot the landlord defendants' motion to dismiss. The Amended Complaint added ten additional defendants. The additional defendants included the corporate parents of the landlord defendants, Norfolk Southern Corporation and CSX Corporation (parent defendants), and members of IHB's board of directors, Terry Evans, John Hart, Mike Pendergrass, and Tom Werner (individual defendants).

In response to the Amended Complaint, the landlord defendants renewed their motion to dismiss. The court entered an Opinion and Order on March 29, 2018 granting in part the landlord defendants' motion to dismiss. The court found that CP's claims were preempted by the Interstate Commerce Commission Termination Act (ICCTA), 49 U.S.C. §§ 10101, *et seq.* The court held that CP's claims would require the court to adjudicate the fairness of rental rates and impermissibly interfere with the Surface Transportation Board's (STB) exclusive jurisdiction over regulated trackage rights transactions. Furthermore, the court ordered supplemental briefing on CP's request for Operating and Maintenance (O&M) expenses. In an Opinion and Order entered on October 24, 2018, the court dismissed all of CP's claims against the landlord defendants.

CP has not further amended the Amended Complaint. Thus, the Amended Complaint asserts the same claims and requests for relief against the parent defendants and the individual defendants as those that previously were dismissed by the court on March 29, 2018. Therefore, the parent defendants and the individual defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). IHB also filed a motion to

dismiss the Amended Complaint on February 19, 2019. CP filed a response in opposition on March 20, 2019, and the parent defendants and individual defendants filed a reply on April 8, 2019.

*Discussion*

**Federal Rule of Civil Procedure 12(b)(6)** allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See* **Cincinnati Life Ins. Co. v. Beyrer**, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Iqbal**, 556 U.S. at 678 (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); **Cincinnati Life Ins.**, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting **Stanard v. Nygren**, 658 F.3d 792, 797 (7th Cir. 2011)); **Peele v. Clifford Burch**, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); **Joren v. Napolitano**, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. **Iqbal**, 556 U.S. at 684.

On March 29, 2018, the court granted in part and denied in part the landlord defendants' motion to dismiss. The court concluded that CP's claim for breach of fiduciary duties against the landlord defendants was preempted by §§ 10501(b) and 11312(a) of the ICCTA. That statute vests the STB with exclusive jurisdiction and authority over rail transportation, including trackage rights agreements. **49 U.S.C. §§ 10501(b), 11321(a).** The court determined that CP's state-law claim and its requested relief required the court to adjudicate the fairness of the rental rates, and therefore interfered with the STB's exclusive jurisdiction. Moreover, the court determined that by granting the relief requested by CP it would ignore § 11321's clear exemption language or modify the terms of the STB-exempt agreement.

The court also dismissed Count II (aiding and abetting breach of fiduciary duties), Count III (civil conspiracy to breach fiduciary duties), and Count IV (vicarious liability for breach of fiduciary duties) because without a viable underlying tort, Counts II-IV were not recoverable. Additionally, CP requested that the court award IHB the O&M expenses that Conrail was obligated to pay pursuant to the 1906 Agreement. The court found that the parties proceeded in a cursory fashion on the O&M issue and allowed them to file supplemental briefs. On October 24, 2018, after considering the supplemental briefs, the court entered an Opinion and Order dismissing CP's request for O&M expenses and granting the motion to dismiss. Accordingly, CP's claims against the landlord defendants were dismissed in their entirety.

The parent defendants and the individual defendants have filed the instant motion requesting the court to dismiss the Amended Complaint. The parent defendants and the individual defendants have indicated that the Amended Complaint has not been further amended and asserts the same claims and seeks the same relief against them as previously dismissed by the court against the landlord defendants. Therefore, they have argued that the March 29, 2018

Opinion and Order should apply to them with equal weight. In the response in opposition, CP did not argue that the court's reasoning should be applied with less force to the parent defendants and the individual defendants than the landlord defendants. Rather, CP simply rehashed the arguments that the court previously ruled on. Accordingly, the ICCTA preempts CP's claims, which include the claims against the parent defendants and the individual defendants.

IHB also has filed a motion requesting the court to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties." *Aslin v. Financial Indus. Regulatory Auth., Inc.,* 704 F.3d 475, 477 (7th Cir. 2013). "A dismissal on mootness grounds is a dismissal for lack of jurisdiction." *Bernstein v. Bankert,* 733 F.3d 190, 224 (7th Cir. 2013). IHB contends that all the matters in the Amended Complaint have been adjudicated, and therefore, this case is moot. CP argued that a justiciable controversy exists because the court has not adjudicated the claims against the parent defendants and the individual defendants. However, as discussed above, the court has dismissed those claims. Accordingly, the court lacks subject matter jurisdiction and dismisses the Amended Complaint against IHB as moot, pursuant to Rule 12(b)(1).

Based on the foregoing reasons, the Motion to Dismiss the First Amended Complaint [DE 122] is **GRANTED**, and the Joint Motion to Dismiss Amended Complaint [DE 124] is **GRANTED**. The court hereby **DISMISSES** the Amended Complaint **WITH PREJUDICE.**

ENTERED this 27th day of September, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge